IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LOUIS N. DELLOSO,<br><br>Debtor. | Bankruptcy Case No. 16-10832-CTG |
| STRATEGIC FUNDING SOURCE, INC.<br>Appellant,<br>v.<br>LOUIS N. DELLOSO,<br>Appellee. | C.A. No. 22-462-CFC<br>Bankr. BAP No. 22-31 |

**RECOMMENDATION**

At Wilmington this **2ⁿᵈ** day of **May, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

Although the Parties have not previously participated in mediation, Appellant believes that mediation would be productive in leading toward a possible settlement on

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

the following bases:

    a.  This appeal involves complicated legal issues for which there is no controlling precedent in the Third Circuit and raise issues concerning whether the Debtor's bankruptcy case should be reopened due to his failure to disclose assets, including his interest in nonparty Bari Concrete Corp. ("Bari").  Debtor's conduct in this regard is the subject of this Appeal and a separate action in New York action asserting successor liability and fraudulent conveyance claims against Bari.

    b.  Mediating both of the above noted actions in this Court would avoid the Parties incurring additional litigation expenses.

    In response to Appellant's argument, Appellee is agreeable to participate in mediation provided that mediation includes all claims at issue in this Appeal **and** the separate pending New York action.  The bases for Appellee's position are as follows:

    a.  Appellant instituted the New York action against Bari in June 2021, five months before initiating the action in Bankruptcy Court.

    b.  Appellant's claims include successor liability, intent to defraud, alter ego liability, conversion and unjust enrichment against Bari.  The facts in support of the New York action are nearly identical to the facts underlying the litigation in this Appeal.

    c.  Bari is agreeable to mediating the claims of the New York Action in connection to this Appeal.

    Although the Parties in this matter agree to mediating this Appeal and the New York action together under the umbrella of this Appeal from a decision of the Bankruptcy Court in this jurisdiction, these are not the only issues or concerns faced by this Court.  Presently, this Court has one less district court judge on its bench, and has

instituted a process to encourage parties who file matters here to consent to the jurisdiction of one of its four Magistrate Judges to authorize the assignment of another Magistrate Judge for mediation or ADR purposes.  All referrals to Magistrate Judges for alternative dispute resolution were vacated and all currently scheduled mediation were to be cancelled, unless otherwise directed by this Court.  *See* the Announcement and the three Standing Orders on this Court's website issued in March 2022.  Although mediation in bankruptcy appeals was not subject to the Announcement and the Standing Orders, the New York action is not an appeal from the Bankruptcy Court in this District.  Rather, the Parties are requesting that a related New York state court matter be included for mediation within this Appeal.

Upon review of the Order dated September 11, 2012, *In Re: Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District*, in addition to the Magistrate Judges serving as mediators, the District Court Judges have designated a panel of mediators who meet the criteria contained in 1(b) of this Order.  Another option is for the parties in this matter and the related New York case to select and pay for a mediator of their choosing.  *See* at D.I. 7, *Skillz Platform Inc. v. Digiatech, LLC, C.A.* No. 22-231-CFC.  In either situation, the parties may request that all briefing and motion practice in connection with this Appeal be deferred during the pendency of mediation.

Further, this Court has no jurisdiction over the New York state court action, *Strategic Funding Source, Inc., d/b/a Kapitus v. Bari Concrete Construction Corp., d/b/a Bari Concrete Construction Corp. et al.,* No. 653999/2021 (N.Y. Supr. Ct.) and,

therefore, cannot direct the presiding judge to stay that matter while the combined-cases mediation occurs. It appears that there are certain procedural issues that need to be addressed by counsel before a joint-mediation may occur.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), counsel be directed to propose a stipulation and order referring this matter to either private mediation or the Appellate Mediation Panel. Further, the parties should resolve any issues that may exist in the New York matter noted herein to effectuate a joint mediation of the related issues between this Appeal and the New York state court case. In the alternative, it is recommended that this Appeal be removed from mandatory mediation and proceed through the appellate process of this Court, which would include proposing a briefing schedule. Through this Recommendation, the parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge